## GOGOL v. BALTIMORE & O. R. CO.

(District Court, N. D. West Virginia. September 24, 1915.)

1. PLEADING ⊂⊃48—DECLARATION—SUFFICIENCY.
    Under the system of common-law pleading prevailing in West Virginia, the declaration in all law actions, except assumpsit, must set forth the facts involved with sufficient fullness and clearness to inform the defendant of the exact nature of the demand against him; and in assumpsit,

when based on the common-law counts alone, such facts must be sup-plied by a bill of particulars.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 105, 106; Dec. Dig. ☞18.]

2. NEGLIGENCE ☞1—WHAT CONSTITUTES.

"Negligence" ordinarily arises from the failure to perform some duty or obligation required by law to be performed under the relations and conditions existing by one to another, which duty or obligation may be either positive or negative, or both.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 1; Dec. Dig. ☞1.

For other definitions, see Words and Phrases, First and Second Series, Negligence.]

3. NEGLIGENCE ☞108—DECLARATIONS—SUFFICIENCY.

In an action for personal injury from defendant's negligence, the declaration must set forth the time and place of the accident, the rela-tions between the parties at the time, the defendant's obligation as to care toward the plaintiff at the time, and the defendant's failure to per-form such duty, by reason of which the plaintiff's injury proximately re-sulted.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 174, 175, 179, 180; Dec. Dig. ☞108.]

4. RAILROADS ☞394—INJURY ON TRACK—DECLARATION—SUFFICIENCY.

A declaration alleging that defendant owned a railroad line and operat-ed certain locomotives, etc., and that on a day in January, 1914, its agents and servants so negligently conducted themselves in the manage-ment of such locomotives, etc., that one of them, through their negligence, struck plaintiff at or near the passing of a culvert near a certain station, was insufficient, because not showing the relations existing between plaintiff and defendant, the resulting obligation as to care, and in what manner the defendant was negligent.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1331–1338; Dec. Dig. ☞394.]

At Law. Action by Etta Gogol against the Baltimore & Ohio Rail-road Company. Demurrer to declarations sustained, with leave to amend.

Harry Shaw, of Fairmont, W. Va., for plaintiff.
Geo. M. Hoffheimer, of Clarksburg, W. Va., for defendant.

DAYTON, District Judge. [1-3] In a written memorandum filed in the case of Thomas Vernon, Administrator of Annie Vernon, De-ceased, v. B. & O. R. R. Co., I have discussed the principles involved and the requirements of sound pleading as regards actions at law in case for negligence as follows:

Under the system of common-law pleading in force in this state it is the universal rule that in all law actions, except assumpsit, plaintiff's declara-tion must set forth the facts involved with sufficient fullness and clearness to inform the defendant of the exact nature of the demand made against him, and in assumpsit, when based upon the common-law counts alone, the prac-tice and our statute requires that such facts shall be supplied by a bill of particulars to be filed at least before trial and judgment can be secured.

In all actions for negligence, this rule is particularly enforced because it is an action where each case is dependent upon its own peculiar facts, facts which under certain conditions may warrant a recovery and under others may not. Negligence, ordinarily, unlike malicious torts, arises from the fail-

ure to perform some duty or obligation required by the law to be performed under the relations and conditions existing, by one to another. This duty or obligation may be either or both positive or negative in character—positive, in requiring under the existing conditions the doing of some acts; negative, in prohibiting under the conditions existing the doing of certain acts. Again, the obligation to do or refrain from doing certain acts is made to depend upon the relations existing between the parties at the time. In other words, the law requires different degrees of care based upon such relations. For example, a much higher obligation and degree of care is required of a railroad in the protection of its passengers upon a train than in the protection of its employés engaged in operating such train, and it requires a higher degree of care of both passenger and employé than it does of a mere trespasser upon its tracks, and in recent cases it has been settled that a greater care is to be exercised by it toward a child of tender years trespassing upon its track than toward a person of mature years so trespassing, based upon the presumption that such child may not comprehend or understand its danger while the older person is presumed to have such comprehension.

These principles being so clearly established, the rule requiring a clear statement of the facts upon which the right to recover for negligence is claimed, under our system of pleading, to be set forth in the declaration, becomes more absolutely necessary and essential than possibly in any other law action. This statement of facts in actions for personal injuries must set forth with reasonable certainty and clearness (a) the time and place of the accident; (b) the relations existing between the parties at the time; and (c) the duty and obligation as to care existing at the time and under the conditions, on the part of the defendant toward the plaintiff; (d) wherein there was a failure upon the part of the defendant to perform such duty (either positive or negative, or both) to the plaintiff, by reason of which failure (e) the plaintiff's damage or injury was the direct or proximate result.

[4] The declaration in this case does not meet these legal requirements. It in substance only alleges that defendant owned a railroad line from Fairmont to Grafton, and certain locomotives, tenders, engines, cars, and coaches used in the operation thereof; that on a day in January, 1914, its agents and servants and employés "so carelessly, negligently, and improperly behaved and conducted itself in and about the management, control, and direction of the said locomotives, engines, tenders, railroad cars, and carriages that one of defendant's said engines attached to and hauling certain passenger coaches, through the fault, carelessness, negligence, and improper conduct of the said defendant, by and through its said servants and employés, with great force and violence, was driven, run, and struck against the plaintiff" whereby she was injured, and that this occurred "at or near where said railroad passes over a culvert where the county road crosses under said railroad and near the station of Hammond."

What is there here to show us the relations existing between this woman and the defendant, and the resulting obligation as to the care required by the law to be taken by the latter to insure her safety by reason of such relations and the existing conditions? Was she a passenger in one of the coaches of the train when the engine "was driven, run, and struck against" her? If so, the company owed her as such passenger the highest degree of care. Was she on the county road at or near the point of crossing of the railroad track by culvert over the county road when this engine, negligently driven, became derailed, toppled over the culvert into the county road, and struck her? If so, she was entitled legally to expect the company to exercise such

care as to forestall such an occurrence under usual and ordinary conditions. Was she, on the other hand, simply a trespasser upon defendant's track, walking upon it without permission or license given by it? If so, the sole duty of the defendant was not to willfully or maliciously injure her.

From the averments of this declaration it is impossible for us to know whether this woman was injured under any one of these conditions, or, in fact, under what conditions existing at the time she received the injury, and therefore it is impossible for us to know what degree of care the law required the company to exercise in order to have avoided such injury, and in consequence we cannot tell whether any ground exists for the charge of negligence against it. Negligence is the very foundation stone upon which the action is based. It must therefore be set forth in the declaration how and in what manner such negligence arose, and upon trial it must be affirmatively proven to have existed according to the averments set forth in the declaration as to how and in what way it arose. In other words, there must be no variance in the pleadings and proofs. It is not sufficient to prove a case of negligence to say the company negligently struck me with its engine. The questions would immediately arise how and under what circumstances? Was it solely by your own fault that you were struck? Was it purely an unavoidable accident that caused you to be struck? In short, upon what do you base your statement that you were negligently struck? Therefore the bare statement that the act was negligently done is not sufficient. The declaration must show how the act was negligent.

The demurrer must be sustained, but with leave to amend it, if desired.